IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | | |
|---|---|---|
| Bennie Austin Mack, Jr., #24324-057, | ) | |
| | ) | CIVIL ACTION NO. 9:09-2891-JFA-BM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| D. Drew, in her individual capacity and in her official capacity as Warden for the Federal Correctional Institute (FCI) at Bennettsville, South Carolina; P. Jenkinson, in her individual capacity and in her official capacity as case Manager at FCI Bennettsville, South Carolina; Ms. Stonebreaker, in her individual capacity as Camp Counselor at FCI Bennettsville, South Carolina; R. E. Holt, in his individual capacity as Regional director for the Federal Bureau of Prisons; Yvonne Hinkson, in her individual capacity and in her official capacity as Director of the Federal Bureau of Prisons, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) ) | |

This action has been filed by the Plaintiff, pro se, pursuant to Bivens v. Six Unknown

Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff, an inmate with

---

[1] In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d
(continued...)



the Federal Bureau of Prisons (BOP), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a Rule 12 motion to dismiss on March 29, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on March 30, 2010, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the motion on May 4, 2010.

The Defendants' motion is now before the Court for disposition.[2]

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction

---

[1](...continued)
772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.



does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Plaintiff alleges in his complaint that on September 23, 2009 he was incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina (FCI Bennettsville), at which time he informed the "Defendants" that he was a pro se litigant in four civil law suits, and further informed "the Defendant verbally and in writing that he had to comply with deadlines in his pursuit of those judicial conclusions." Plaintiff alleges that on October 15, 2009, "the deadline to present pleadings in U. S. Supreme Court for lawsuit 1:07-cv-00760 filed in the Middle District of North Carolina expired as a matter of law. Plaintiff did not have access to the courts whereby pleadings could have been presented. Plaintiff has no recourse to salvage or revive lawsuit 1:07-cv-00760." Plaintiff seeks monetary damages for a violation of his right of access to the courts under Bivens and also under the Racketeer Influenced Corrupt Organizations Act (RICO). Plaintiff also seeks a permanent injunction. See generally, Complaint.

Defendants argue in their motion, inter alia, that this lawsuit should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997(e)(a), federal prisoners are required to exhaust their administrative remedies prior to filing civil lawsuits. See Booth v. Churner, 532 U.S. 731 (2001); Jones v. Bock, 549 U.S. 199, 211 (2007)["Exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and . . . unexhausted claims cannot be brought in Court"]; see also Porter v . Nussle, 534 U.S. 516, 524 (2002)[exhaustion required for all actions brought with respect to prison conditions]. Hence, before Plaintiff could bring this lawsuit, he was required to first exhaust available prison remedies.



The Federal Bureau of Prisons (BOP) has a detailed grievance process which allows prison inmates to pursue administrative remedies for their grievances. See 28 C.F.R. § 542.10, et. seq. This administrative process operates as follows:

> An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. §542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden. 28 C.F.R. §542.14. The matter will be investigated, and a written response provided to the inmate. Id. If dissatisfied with the response, the inmate may appeal to the Regional Director. 28 C.F.R. §542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel. Id. Appeal to the General Counsel is the final level of agency review. 28 C.F.R. §542.15(a).

See Defendants' Brief, p. 10; see also 28 C.F.R. §542.10, et seq.[3]

Administrative complaints must be filed within twenty days of the date of the incident giving rise to the complaint. 28 C.F.R. §542.14(a).

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, supra. To meet this burden, the Defendants have submitted an affidavit from Tami Cassaro, Supervisory Attorney for the Consolidated Legal Center at FCI Edgefield, South Carolina. Cassaro attests that her duties include researching logs and records maintained by the BOP concerning administrative remedies. Cassaro

---

[3] This Court can take judicial notice of the BOP grievance process. See Portis v. Caruso, No. 09-846, 2010 WL 3609364 at * * 4-5 (W.D.Mich. July 28, 2010)["Taking judicial notice of a prisoner's administrative grievance proceeding is consistent with the purpose of PLRA's invigorated exhaustion provision . . . ."] (internal quotations omitted); Blevins v. Loranth, No. 09-788, 2010 WL 670099 (D.S.C. Feb. 22, 2010); Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); cf. Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).

- 4 -



further attests that she conducted a diligent search of the administrative remedy records maintained by the BOP, which reveal that Plaintiff has not exhausted the BOP's administrative remedy process regarding any of the allegations set forth in the complaint. In fact, Plaintiff has not filed any administrative remedies since he has been in BOP custody. Cassaro has attached to her affidavit as Exhibit 1 a copy of the BOP Administrative Remedy Generalized Retrieval, showing that no data exists for this inmate. See generally, Cassaro Affidavit, with attached exhibit.

In his response filed in opposition to the Defendants' motion, Plaintiff argues that he was not aware of the grievance process. However, Plaintiff's own Exhibit (attached to his memorandum)[extracts of A&O Handbook][4] specifically sets out the administrative remedy process on pages 41-42, including the applicable time limits involved in the grievance process. Plaintiff concedes in his brief that he received this handbook when he entered FCI Bennettsville on September 22, 2009. Plaintiff's Brief, p. 14. Plaintiff has also attached to his brief as Exhibit 7 a copy of a letter Plaintiff states (on p. 15 of his brief) that he wrote to the warden on or about October 15, 2009, requesting compensation for damages he contends he incurred as of October 15, 2009 due to his inability to seek "a judicial conclusion to [a] civil lawsuit . . . .". That letter is dated only sixteen days prior to Plaintiff's complaint in this action, and there is no documentation, or even

---

[4] Plaintiff has submitted a number of exhibits as attachments to his Complaint. To the extent the Court's consideration of these materials requires a review of Defendants' motion under the standards of a Rule 56 motion for summary judgment, the undersigned finds that to be proper where Plaintiff has received notice of these filing and the appropriate Roseboro instructions. Cf. LaSalle Parish School Bd. v. Allianz Global Risks U.S., No. 07-399, 2008 WL 1859847, at * 1-2 (W.D.La. April 24, 2008); Curry v Mazzuca, No. 05-1542, 2006 WL 250487, at * 4-5 (S.D.N.Y. Feb.2, 2006); see also Spruill v. Gillis, 372 F.3d 281, 223 (3rd. Cir. 2004)[documents relating to issue of exhaustion may be considered when considering a motion to dismiss]; Baylis v. Taylor, 475 F.Supp.2d 484, 488 (D.Del. 2007); Morel v. O'Brien, No. 09-346, 2010 WL 1212573 at * 2 n. 1 (W.D.Va. Mar. 25, 2010).



argument, from the Plaintiff that he attempted to exhaust the prison's administrative grievance process prior to filing this complaint.

Therefore, based on the evidence submitted, even accepting the allegations of Plaintiff's complaint to be true, dismissal of this case warranted. Cf. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; see also Harvey v. City of Philadelphia, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]. Therefore, this case should be dismissed. Booth, 532 U.S. at 741; Hyde, 442 S.E.2d at 583; 42 U.S.C. § 1997e(a).

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' Motion be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 27, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

