UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bennie Austin Mack, Jr., ) | C/A No. 9:09-2891-JFA-BM |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| D. Drew, in her individual capacity and in her ) | |
| official capacity as Warden for the Federal ) | |
| Correctional Institution (FCI) at Bennettsville, ) | |
| South Carolina; P. Jenkinson, in her individual ) | |
| capacity and in her official capacity as case ) | |
| manager at FCI Bennettsville; Ms. Stonebreaker ) | |
| in her individual capacity as Camp Counselor ) | |
| at FCI Bennettsville; R.E. Holt, in his individual ) | |
| capacity as Regional Director for the Federal ) | |
| Bureau of Prisons; Yvonne Hinkson, in her ) | |
| individual capacity and in her official capacity ) | |
| as Director of the Federal Bureau of Prisons, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Bennie Austin Mack, brings this action pursuant to 42 U.S.C. § 1983. At the time the events arising in this action occurred, the plaintiff was incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina in the maximum security Segregated Housing Unit (SHU). Plaintiff contends that the defendants violated his constitutional rights by not allowing him access to the courts while he was in the SHU and, therefore, he was unable to comply with deadlines in his other civil law suits. He seeks monetary damages in the amount of $565 million as well as injunctive relief.

1

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and suggests that the complaint should be considered as a *Bivens* action since all the named defendants are federal entities or employees. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971). The Magistrate Judge also opines that the lawsuit should be dismissed without prejudice for failure of the plaintiff to exhaust his administrative remedies. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The defendants have filed a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. The defendants contend that (1) the court lacks subject matter jurisdiction over all of the named defendants; (2) the court lacks personal jurisdiction over defendants Holt and Hinkson; (3) the plaintiff's pleading does not comply with Fed. R. Civ. P. Rule 8(a)(2); (4) qualified immunity protects all the named defendants; (5) the plaintiff has failed to state a constitutional violation; (6) supervisory liability does not attach to defendants Drew, Holt and Hinkson; and (7) the plaintiff has failed to exhaust his administrative remedies. In his Report, the Magistrate Judge finds it necessary to address only the failure to exhaust defense.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The court advised the plaintiff in a *Roseboro* order of the importance of his adequate response to the motion to dismiss and the plaintiff responded with a memorandum in opposition and various exhibits. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The Magistrate Judge notes in the Report that as a result of the plaintiff's submissions, this court may consider defendants' motion as one for summary judgment under Fed. R. Civ. P. 56. Because the plaintiff received notice pursuant to *Roseboro* of his right to file material in response to the defendant's dispositive motion, and the plaintiff did so, and because this court has considered materials other than the complaint, the court will deem the defendant's motion to dismiss as one for summary judgment under Rule 56.

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. Rule 56(c). In applying the standard for summary judgment, the court must review all the evidence "in the light most favorable to the nonmoving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Additionally, this court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405

U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).

*Exhaustion of Administrative Remedies*

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A *Bivens* action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. *Booth* at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. *See Porter*, 534 U.S. at 524 (citing *Booth*, 532 U.S. at 741).

For *Bivens* purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." *Dale v. Lappin*, 376 F.3d 653(7th Cir. 2004); also see *Woodford v. Ngo*, 548 U.S. 81 (2006) (stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings").

The defendants argue that the complaint should be dismissed for various reasons, including failure of the plaintiff to exhaust his administrative remedies prior to filing the lawsuit. The defendants have the burden of showing that the plaintiff failed to exhaust such remedies. *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674 (4th Cir. 2005). The defendants rely on the affidavit of Tami Cassaro, Supervisory Attorney for the Consolidated Legal Center at FCI Edgefield. She attests that she has researched the logs and records maintained by the BOP which reveal that plaintiff has not exhausted the BOP's administrative remedy process regarding the allegations set forth in the complaint. In fact, Ms. Cassaro attests that plaintiff has not filed any administrative remedies since he has been in BOP custody.

In his response to the defendants' motion to dismiss, the plaintiff claims that he was not aware of the grievance process. However, plaintiff's own exhibit to his response contains extracts of the BOP handbook which set out the administrative remedy process. Because there was an administrative remedy available to the plaintiff, his failure to exhaust these remedies is not excused.

In his objections to the Report, the plaintiff argues that under *McCarthy v. Madigan*, 503 U.S. 140 (1992), the Supreme Court held that a federal prisoner need not exhaust the procedures promulgated by the BOP before bringing an action seeking monetary damages. However, the Supreme Court in *Booth v. Churner* explained that the 1995 amendment to the Prison Litigation Reform Act ("PLRA") supersedes the holding in *McCarthy*:

5

> Before § 1997e(a) was amended by the Act of 1995, a court had discretion (though no obligation) to require a state inmate to exhaust "such ... remedies as are available," but only if those remedies were "plain, speedy, and effective." 42 U.S.C. § 1997e(a) (1994 ed.). That scheme, however, is now a thing of the past, for the amendments eliminated both the discretion to dispense with administrative exhaustion and the condition that the remedy be "plain, speedy, and effective" before exhaustion could be required.

532 U.S. 731, 739 (2001); Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321.

The plaintiff also argues that the numerous letters he wrote to BOP staff concerning his problems with access to the law libraries show that he went to extreme measures to exhaust his administrative remedies. However, plaintiff failed to fully complete each level of the process, thereby failing to properly exhaust his administrative remedies.[2] The court

---

[2] Proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." *Dale v. Lappin*, 376 F.3d at 655. The Federal Bureau of Prisons has established an Administrative Remedy Program, 28 C.F.R. § 542.10, et seq., through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. *Id.* Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. *Id.*, § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. *Id.*, § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. *Id.*, § 542.15(a) and (b). If the inmate's Request went initially to the Regional Director, the inmate may appeal an unfavorable response to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. *Id.*, § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. *Id.*, § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. *Id.*, § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. §

finds the plaintiff's objections without merit and as such, they overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference.

The court finds that the plaintiff has failed to properly exhaust his administrative remedies, thus his claims are dismissed without prejudice. The defendant's motion for summary judgment is granted in part only to the extent that it seeks the dismissal of the plaintiff's claims for the failure to exhaust.[3]

IT IS SO ORDERED.

February 24, 2011                               Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge

---

542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. § 542.17(c).

[3] Because the court finds that the plaintiff's claims are not exhausted, the court does not reach the merits of the defendants' other defenses.

7