IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bennie Austin Mack, | ) | C/A: 9:09-2891-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| D. Drew, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On February 24, 2011, this court entered its order adopting the Report and Recommendation of the Magistrate Judge and granting summary judgment to the defendants because the plaintiff had failed to exhaust his available administrative remedies with the South Carolina Department of Corrections (SCDC). The court took this action after carefully reviewing both the Report and Recommendation and the plaintiff's objections to the Report. Approximately seven weeks later, the plaintiff filed a document styled "Motion to reconsider, recall, rescind, or otherwise abrogate judgment." In his motion, the plaintiff contends that he was prevented by prison authorities from fully exhausting his available administrative remedies. The defendants have responded to the motion and the matter is now ripe for this court's review.

After carefully considering the information contained in both memoranda before it, the court has determined that its initial decision that the action should be dismissed was correct. Accordingly, the motion to reconsider will be denied.

Central to the motion to reconsider is the plaintiff's assertion that the defendants "chose not grant" plaintiff access to court. He contends that five days after he was placed in the custody of the Bureau of Prisons, he filed an "Inmate Request to Staff Member" which is an informal request that might or might not lead to later administrative filing. Plaintiff concedes that he did not then file a "Request for Informal Resolution" commonly referred to as a "BP-8" which is actually the first step in the administrative process in the prison system. He contends that he did not file this form because, in his words, he was prevented from doing so by prison staff.

The defendants have responded and urge, as they did before the Magistrate Judge, that nothing in the record indicates that prison officials hindered plaintiff or prevented him in any way from filing the necessary administrative claim. It is clear from the record that the administrative claim in dispute is a simple, self-explanatory form, that was available to and not filed by the plaintiff. The plaintiff has had two opportunities (in the objections to the Report and Recommendation and in the motion to reconsider) in which he could provide details such as time, place, persons involved and the like, to support his claim that he was actively prevented from exhausting his administrative remedies. He has failed to do so. He stands on the conclusory allegation that he was "prevented" from filing administratively within prison. On this record, the court must reaffirm its earlier decision dismissing this case for failure to exhaust administrative remedies. Accordingly, this court's order of February 24, 2011, as supplemented by this order, is hereby reinstated. Summary judgment is hereby

granted to the defendants and this action is dismissed with prejudice.

The plaintiff has also moved within his motion to reconsider for an extension of time to appeal the court's earlier order. In order to avoid any confusion, the court will grant that motion and allow the plaintiff 30 days from the date of entry of this order within which to file an appeal.

IT IS SO ORDERED.

July 5, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

3